Case: 4:24-cv-00987-SRW    Doc. #: 74-1    Filed: 02/11/26    Page: 1 of 9 PageID #: 1185

§ 43 Remand, 20 Fed. Prac. & Proc. Deskbook § 43 (2d ed.)

20 Fed. Prac. & Proc. Deskbook § 43 (2d ed.)

**Federal Practice & Procedure** | April 2025 Update

**Federal Practice Deskbook**
The Late Charles Alan Wright[a0], Mary Kay Kane[a1]

**Chapter 6. Removal Jurisdiction and Procedure**
Arthur R. Miller and Adam N. Steinman presently update Chapter 6.

Mary Kay Kane prepared the Second Edition of Chapter 6.

---

# § 43 Remand[1]

Although it is no longer the only provision authorizing remand of a case that has been removed to a federal court, easily the most important provision is 28 U.S.C.A. § 1447(c). For many years it had provided that if at any time prior to final judgment it appeared that a case was removed improvidently and without jurisdiction, the federal court must remand the case. Since its amendment in 1988, the statute has drawn a distinction between defects in subject–matter jurisdiction, which require remand "at any time before final judgment" and other defects, which can be the basis of a motion to remand only if "made within 30 days after the filing of the notice of removal under section 1446(a)."[2]

When the statute was first amended in 1988 to make that distinction, the 30–day limit was applicable to all motions to remand "on the basis of any defect in removal procedure." There was some confusion about the meaning of that limitation. Although most courts concluded that it meant that the 30–day limit applied to all motions to remand except in cases in which the court lacks subject–matter jurisdiction,[3] a few cases took a contrary view and defined "defect in removal procedure" more narrowly.[4] The construction that the limit applies to all defects other than those going to subject–matter jurisdiction is clearly what Congress intended.[5] Any other reading would leave a glaring omission. If "defects in removal procedure" does not encompass all nonjurisdictional defects existing at the time of the removal, then there are some nonjurisdictional defects that are not covered by § 1447(c) at all. Congress eliminated any doubt on the matter when it amended the statute in 1996, deleting the reference to "defects in removal procedure" and substituting the language "on the basis of any defect other than lack of subject matter jurisdiction" to define the motions covered by the 30–day limit.

As always has been true, a motion to remand for lack of subject–matter jurisdiction can be made any time before final judgment.[6] Since parties cannot confer jurisdiction on the federal court by consent, the court may act on its own motion,[7] or on the motion of either party. Indeed even the party who petitioned for removal may move for remand after receiving an unsatisfactory verdict.[8] But if at the time of trial or judgment the controversy is one over which the federal court could have entertained original jurisdiction, a removing defendant is estopped from protesting after judgment that there was no right to remove as an initial matter.[9] This principle was extended to include plaintiffs in Caterpillar Incorporated v. Lewis.[10] There the Court held that considerations of finality, efficiency, and economy required that remand be denied when a jurisdictional defect in citizenship was cured by the time final judgment was entered in the federal court.

As stated earlier, under the current removal statute a motion to remand because of any defect in the removal other than lack of subject–matter jurisdiction must be made within 30 days after the filing of the notice of removal. This means also that a district court cannot remand a case sua sponte after the 30–day period to remand has expired if the defect is such that the 30–day limit would bar a remand motion by a party.[11]

---

Case: 4:24-cv-00987-SRW     Doc. #: 74-1     Filed: 02/11/26     Page: 2 of 9 PageID #: 1186

Any issues of fact raised by a motion to remand are for the court alone to decide, with the removing party carrying the burden of proof.[12] Remand can only be to the state court from which the case was removed.[13] The statute always has provided that a remand order may require payment of just costs, and the 1988 amendment also allows the court to order payment of any actual expenses, including attorney fees, incurred as a result of the removal.[14]

There are now three avenues for remand other than § 1447(c). It was pointed out earlier that the statute authorizing removal on the basis of a separate–and–independent claim or cause of action, which formerly gave the court discretion either to hear the entire case or, in its discretion, to remand all matters not otherwise within its original jurisdiction, was amended in 1990. It now provides that the court may "determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."[15] That provision was altered by amendment in 2011 to provide that when actions containing federal claims and separate and independent state claims are removed the court must sever and remand all unrelated state-law claims.[16]

Another 1988 statute gives the court discretion whether, after removal, to allow joinder of additional defendants whose presence destroys subject–matter jurisdiction. If the court permits the joinder, it is required to remand the action to state court.[17]

Finally, a 1988 decision, Carnegie–Mellon University v. Cohill,[18] holds that a federal district court has discretion to remand a properly removed case to state court when all the federal–law claims in the action have been eliminated and only pendent state–law claims remain. It has always been true that when a case is in federal court, either originally or by removal, the court has discretion whether to hear or to dismiss any state claims that are pendent to the federal claim that is the basis for jurisdiction. Ordinarily the court is to exercise that discretion by dismissing the pendent claims if the federal claim has been dismissed before trial.[19] The Carnegie–Mellon case goes beyond the prior law by recognizing in a removed case a discretion to remand the pendent state claims to state court rather than increase the expense and time involved by dismissing and requiring plaintiff to start over in state court.[20]

Three justices dissented in the Carnegie–Mellon case. It was common ground that the remand that was approved there was not authorized by either § 1441(c) or § 1447(c), the two statutes in which Congress provided for remand of removed cases, and the dissenters thought that it is for Congress to say when or if remand is permissible. The result on the facts of the case itself, however, seems not of great importance. But some lower courts have gone beyond the facts, if perhaps not the language, of Carnegie–Mellon and have found in that opinion discretionary authority to remand an entire case, including the undismissed federal claims that were the basis for removal.[21] They have also read Carnegie–Mellon as allowing remand of cases removed on the basis of diversity, in which no question of pendent claims is involved and the federal court has no discretion to dismiss.[22] The sounder perception is that of the Fifth Circuit.[23] It holds that in Carnegie–Mellon the Supreme Court established only a narrow exception, based on principles of pendent–claim jurisdiction, to the rule it earlier announced in the Thermtron case that a district court exceeds its authority if it remands a case on grounds not expressly permitted by statute.[24]

If the court orders remand on the grounds specified in § 1447(c), subsection (d) of the statute provides that the order is not reviewable on appeal or otherwise.[25] The only exceptions made in the statute are for cases removed under the federal officer removal statute (§ 1442) and for cases removed under the civil rights removal statute (§ 1443).[26] Even when the Supreme Court is reviewing a state–court proceeding after remand, the propriety of the remand, if the case is not a civil–rights case, cannot be questioned.[27] This ban on review is intended to spare litigants delay.[28] If the motion to remand is denied, on the other hand, the propriety of removal is reviewable on appeal from the final judgment in the case.[29] And if, on review from a final judgment, the court of appeals holds the case not removable and orders remand, this order is not within the statutory ban and may be reviewed by the Supreme Court.[30]

Case: 4:24-cv-00987-SRW    Doc. #: 74-1    Filed: 02/11/26    Page: 3 of 9 PageID #: 1187

§ 43 Remand, 20 Fed. Prac. & Proc. Deskbook § 43 (2d ed.)

There are exceptions to the usual rule of nonreviewability of remand orders and there has been a distinct tendency in recent years to expand the exceptions.[31] In Thermtron Products, Incorporated. v. Hermansdorfer[32] it was held that the ban on reviewability in § 1447(d) applies only if the remand is ordered on the grounds stated in § 1447(c). Thus, mandamus will lie to set aside a remand order if the district court has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in § 1447(c).[33] In a more recent decision, Quackenbush v. Allstate Insurance Company,[34] the Court applied the same reasoning to hold that a district court's decision to remand a case to state court on grounds of abstention also falls outside of § 1447(c) and the order is directly appealable as a final judgment.[35] And in Carlsbad Technology, Incorporated v. HIF Bio, Incorporated,[36] the Court extended this reasoning to hold that when a district court remands claims to a state court after declining to exercise supplemental jurisdiction after the federal claim has been dismissed, the remand is not based on a lack of subject–matter jurisdiction for purposes of § § 1447(c) and (d).

Finally, it also is held that if the court orders a party dismissed and the dismissal leads to a remand, it is permissible to review the order of dismissal, although not the remand itself.[37] Some courts have expanded on this to hold that whenever a decision to remand is based on a prior determination of substantive law, that substantive question is reviewable on appeal.[38] But the Supreme Court rejected that notion in Powerex Corporation v. Reliant Energy Services, Incorporated,[39] holding that § 1447(d) does not permit review of substantive issues of law that may have preceded a remand order, absent an order that is separate from the unreviewable remand order.

A great many cases might be cited for the proposition that if federal jurisdiction is doubtful the case should be remanded. This rule rests on the inexpediency, if not unfairness, of exposing plaintiff to the possibility that it will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction.[40] The argument to the contrary is that since there is no means for reviewing a remand order, the district court should be cautious about remand, lest it deprive defendant of its right to a federal forum.[41] To this argument, Judge Hutcheson's answer is apposite: "I am not impressed by the assertion that some valuable right which is given him in the federal court will be taken from him by trial in the state court. As I understand the jurisprudence of this state, it operates with an eye to justice, just the same as that of the federal court."[42]

An order of remand ends the jurisdiction of the federal court.[43] The court is required to mail a certified copy of the order to the clerk of the state court, and upon receipt of this copy by the state court, the federal court is without power to vacate the order to remand, even if it be persuaded that the order was erroneous.[44]

Westlaw. © 2025 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| a0 | Charles Alan Wright Chair In Federal Courts, The University Of Texas. |
| a1 | John F. Digardi Distinguished Professor of Law, Chancellor And Dean Emeritus, University of California, Hastings College of the Law. |
| 1 | **Research references**<br>Treatise § § 3739 to 3740. |
| 2 | **1988 statute**<br>28 U.S.C.A. § 1447(c), as amended by Act of Nov. 19, 1988, Pub. L. No. 100–702, title X, § 1016(a), 102 Stat. 4669; Act of Oct. 1, 1996, Pub. L. No. 104–219, § 1, 110 Stat. 3022. |

Case: 4:24-cv-00987-SRW    Doc. #: 74-1    Filed: 02/11/26    Page: 4 of 9 PageID #: 1188

§ 43 Remand, 20 Fed. Prac. & Proc. Deskbook § 43 (2d ed.)

The difficulties in characterizing various statutory removal requirements as either jurisdictional or procedural and thus subject to different rules and restrictions on when and how removal challenges can be made is examined in Dodson, In Search of Removal Jurisdiction, 102 Nw.U.L.Rev. 55 (2008).

**Any nonjurisdictional defect**

The limit was held applicable to the objection that a case was, by statute, not removable to federal court, although it could have been commenced there. See Western Securities Co., a subsidiary of Universal Mortg. Corp. v. Derwinski, 937 F.2d 1276 (7th Cir. 1991); Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1544–1545, (5th Cir. 1991), cert. denied, 502 U.S. 963, 112 S. Ct. 430, 116 L. Ed. 2d 449 (1991). The 30–day limit was applied to a motion to remand based on the fact that some defendants in a diversity case are citizens of the forum state. In re Shell Oil Co., 932 F.2d 1523 (5th Cir. 1991); Ravens Metal Products, Inc. v. Wilson, 816 F. Supp. 427 (S.D. W. Va. 1993); Veltze v. Bucyrus–Erie Co., 791 F. Supp. 1363 (E.D. Wis. 1992). It was applied to a motion to remand because removal was not within one year of commencement of the original action, as required in a diversity case by 28 U.S.C.A. § 1447(c). Barnes v. Westinghouse Elec. Corp., 962 F.2d 513 (5th Cir. 1992), cert. denied, 506 U.S. 999, 113 S. Ct. 600, 121 L. Ed. 2d 536 (1992); cf. Maniar v. F.D.I.C., 979 F.2d 782 (9th Cir. 1992). It was applied to removal of a worker's–compensation case, made nonremovable by 28 U.S.C.A. § 1445(c). Williams v. AC Spark Plugs Div. of General Motors Corp., 985 F.2d 783 (5th Cir. 1993).

**Narrow construction**

Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207 (3d Cir. 1991), cert. denied, 502 U.S. 908, 112 S. Ct. 302, 116 L. Ed. 2d 245 (1991) (removal in violation of a forum–selection clause); Melahn v. Pennock Ins., Inc., 965 F.2d 1497, 1502–1503 (8th Cir. 1992) (motion to remand based on abstention).

**Congressional intent**

"So long as the defect in the removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction. * * * The amendment provides a period of 30 days within which remand must be sought on any ground other than lack of subject matter jurisdiction." H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, reprinted in 1988 U.S.Code Cong. & Admin. News 5981, 6033.

**At any time**

Ayres v. Wiswall, 112 U.S. 187, 5 S. Ct. 90, 28 L. Ed. 693 (1884); State v. Ivory, 906 F.2d 999, 1000 n.1 (4th Cir. 1990); Torres v. CBS News, 854 F. Supp. 245 (S.D. N.Y. 1994); Manuel v. Wal–Mart Stores, Inc., 779 F. Supp. 56 (W.D. La. 1991); Scott v. Communications Services, Inc., 762 F. Supp. 147 (S.D. Tex. 1991), aff'd without opinion, 961 F.2d 1571 (5th Cir. 1992); Rosciti Const., Inc. v. Lot 10 of East Greenwich Town Assessor's Plat 14, 754 F. Supp. 14 (D.R.I. 1991).

**Court's own motion**

Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998).

**Removal party moves**

American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702 (1951). For a full discussion of this case, see § 41 above.

**Defendant estopped**

Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 92 S. Ct. 1344, 31 L. Ed. 2d 612 (1972); Baggs v. Martin, 179 U.S. 206, 21 S. Ct. 109, 45 L. Ed. 155 (1900); Smith v. City of Picayune, 795 F.2d 482 (5th Cir. 1986); and cases cited in Treatise § 3739 n. 11. See Comment, Preserving Objections to Jurisdictional Flaws in Removal Cases: The Circuits Disagree, 21 Cumb.L.Rev. 663 (1991).

**Caterpillar case**

519 U.S. 61, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996).

**Sua sponte limits**

Case: 4:24-cv-00987-SRW   Doc. #: 74-1   Filed: 02/11/26   Page: 5 of 9 PageID #: 1189

In re Bethesda Memorial Hosp., Inc., 123 F.3d 1407 (11th Cir. 1997); Maniar v. F.D.I.C., 979 F.2d 782 (9th Cir. 1992); F.D.I.C. v. Loyd, 955 F.2d 316 (5th Cir. 1992).

Several courts have held that the district court cannot remand sua sponte for a defect in removal procedure even within the 30–day period. See Page v. City of Southfield, 45 F.3d 128 (6th Cir. 1995); Matter of Continental Cas. Co., 29 F.3d 292 (7th Cir. 1994); In re Allstate Ins. Co., 8 F.3d 219 (5th Cir. 1993).

**Burden of proof**
Kansas City, Ft. S. & M. R. Co. v. Daughtry, 138 U.S. 298, 11 S. Ct. 306, 34 L. Ed. 963 (1891); Carson v. Dunham, 121 U.S. 421, 7 S. Ct. 1030, 30 L. Ed. 992 (1887); and cases cited in Treatise § 3739 nn. 72–73.

**Where removed**
Bloom v. Barry, 755 F.2d 356, 358 (3d Cir. 1985).

**Costs**
28 U.S.C.A. § 1447(c). Absent unusual circumstances, courts may award attorney fees under the attorney–fee provision of the removal statute only when the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

**State law predominates**
28 U.S.C.A. § 1441(c). See § 41 at notes 42–43 above.

**State claims remanded**
28 U.S.C.A. § 1441(c)(2). See § 41 at note 44 above.

**1988 statute**
28 U.S.C.A. § 1447(e). See § 42 n. 58 above.

**Carnegie–Mellon case**
484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). The case is criticized in Steinman, Removal, Remand and Review in Pendent Claim and Pendent Party Cases, 41 Vand.L.Rev. 923 (1988).

**Usually dismissed**
See § 20 n. 15 above. See also Carnegie–Mellon, 484 U.S. at 349–351, 108 S.Ct. at 619.

**Discretion to remand**
"The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." 484 U.S. at 357, 108 S. Ct. at 623. But the Court cautioned that if it appears that a plaintiff has dismissed the federal claim that was the basis for removal "to secure a state forum through the use of manipulative tactics," the district court should take this behavior into account in deciding whether to remand. 484 U.S. at 357, 108 S. Ct. at 622, 623.

Decades after Carnegie-Mellon, the Supreme Court clarified that a federal court lacks discretion to retain jurisdiction over state law claims when the federal law claims are excised from the case through an amendment to the complaint (rather than dismissal by the court). In that situation, the court must dismiss or remand the remaining state law claims because supplemental jurisdiction no longer exists. Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 145 S. Ct. 41 (2025) (citing Rockwell Intern. Corp. v. U.S., 549 U.S. 457, 473-474, 127 S. Ct. 1397, 1408–1409, 167 L. Ed. 2d 190 (2007)).

**Lower courts extend**
Corcoran v. Ardra Ins. Co., Ltd., 842 F.2d 31, 36–37 (2d Cir. 1988) (case remanded on the basis of Burford–type abstention); Administaff, Inc. v. Kaster, 799 F. Supp. 685, 690 (W.D. Tex. 1992) (case remanded on the basis of Pullman–type abstention).

**Diversity remand**
Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248 (7th Cir. 1996) (remand to enforce forum–selection clause); Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1214–1216, (3d Cir. 1991) (same); In

Case: 4:24-cv-00987-SRW   Doc. #: 74-1   Filed: 02/11/26   Page: 6 of 9 PageID #: 1190

re Delta America Re Ins. Co., 900 F.2d 890, 892 (6th Cir. 1990) (same); cf. Melahn v. Pennock Ins., Inc., 965 F.2d 1497, 1501–1502 (8th Cir. 1992) (district court had authority to remand what appears to have been a diversity case on the basis of Burford–type abstention, but should not have done so in this case).

**Fifth Circuit**
Buchner v. F.D.I.C., 981 F.2d 816, 819–820 (5th Cir. 1993).

**Narrow exception**
Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S. Ct. 584, 593, 46 L. Ed. 2d 542 (1976).

**Not reviewable**
28 U.S.C.A. § 1447(d); Kircher v. Putnam Funds Trust, 547 U.S. 633, 126 S. Ct. 2145, 165 L. Ed. 2d 92 (2006) (orders remanding state–law class actions as being outside the preclusion of state actions under the 1998 Securities Litigation Uniform Standards Act are subject to § 1447(d) and its general rule of nonappealability); Bregman v. Alderman, 955 F.2d 660 (11th Cir. 1992) (no appeal in federal court); Krangel v. General Dynamics Corp., 968 F.2d 914 (9th Cir. 1992) (no interlocutory review under 28 U.S.C.A. § 1292(b) even though important legal issues are raised); Tillman v. CSX Transp., Inc., 929 F.2d 1023 (5th Cir. 1991) (the words "lacks subject matter jurisdiction" have a "magical effect" and mandamus will not lie if the district court has used those words); and cases cited in Treatise § 3740 nn. 1–3.

Appellate review is barred when, in remanding a removed action, the district court relied upon a ground that is colorably characterized as subject–matter jurisdiction. As noted Justice Scalia, writing for the Court, "review of the District Court's characterization of its remand as resting upon lack of subject–matter jurisdiction, to the extent it is permissible at all, should be limited to confirming that that characterization was colorable. Lengthy appellate disputes about whether an arguable jurisdictional ground invoked by the district court was properly such would frustrate the purpose of § 1447(d) quite as much as determining whether the fact finding underlying that invocation was correct." Powerex Corp. v. Reliant Energy Services, Inc., 551 U.S. 224, 127 S. Ct. 2411, 2418, 168 L. Ed. 2d 112 (2007).

The ban applies to any remand based on § 1447(c) and is not limited to remands for lack of subject–matter jurisdiction. In re Medscope Marine Ltd., 972 F.2d 107 (5th Cir. 1992); Rich, Current Issues in Removal Jurisdiction, 57 J.Air L. & Com. 395, 421 (1991) (a contrary view "would render section 1447(d)'s prohibitions on review almost meaningless"). Thus, the ban on review applies if remand was on a timely motion raising a procedural defect in removal. In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd., 3 F.3d 353 (11th Cir. 1993); Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48 (3d Cir. 1993); In re Medscope Marine Ltd., 972 F.2d 107 (5th Cir. 1992). But mandamus will lie if remand because of a defect in removal procedure was ordered on the basis of an untimely motion. Hamilton v. Aetna Life and Cas. Co., 5 F.3d 642 (2d Cir. 1993), cert. denied, 510 U.S. 1130, 114 S. Ct. 1100, 127 L. Ed. 2d 413 (1994); In re Digicon Marine, Inc., 966 F.2d 158 (5th Cir. 1992).

The ban on appellate review in § 1447(d) applies to all cases removed from state court to federal court and not merely to those removed under the general provision of § 1441. U.S. v. Rice, 327 U.S. 742, 66 S. Ct. 835, 90 L. Ed. 982 (1946). But special statutes give appellate jurisdiction to review a remand order when the Federal Deposit Insurance Company, 12 U.S.C.A. § 1819(b)(2)(C), or the Resolution Trust Company, 12 U.S.C.A. § 1441a(l)(3)(C) appeals such an order.

**Exceptions to § 1447(d)'s bar on appellate review**
BP P.L.C. v. Mayor and City Council of Baltimore, 141 S. Ct. 1532, 209 L. Ed. 2d 631 (2021), the Supreme Court held that as long as the defendant "premised removal in part on the federal officer removal statute, § 1442, or the civil rights removal statute, § 1443," the appellate court could review every ground for removal asserted—even ones other than federal officer or civil rights removal.

Special removal provisions applicable to certain interstate class actions and mass actions were adopted in 2005. Class Action Fairness Act of 2005, Pub. L. No. 109-002, § 4(a)(1), 119 Stat. 4. See § 40 n. 26 above. These include the right to file an appeal from any district-court order granting or denying a motion to remand,

although the appellate court has discretion whether to accept the appeal. 28 U.S.C.A. § 1453(c)(1). Special timing provisions also are included to ensure a speedy resolution of appellate review, 28 U.S.C.A. § 1453, including the fact that failing to make a ruling within the time allowed results in the denial of the appeal. 28 U.S.C.A. § 1453(c)(4).

The Supreme Court has jurisdiction to review the court of appeals' refusal to review a remand order under § 1453(c)(1), even though appellate review is discretionary. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

**Supreme Court limited**
Metropolitan Cas. Ins. Co. v. Stevens, 312 U.S. 563, 568–569, 61 S. Ct. 715, 718, 85 L. Ed. 1044 (1941); Missouri Pac. Ry. Co. v. Fitzgerald, 160 U.S. 556, 582, 16 S. Ct. 389, 396, 40 L. Ed. 536 (1896).

**Avoid delay**
U.S. v. Rice, 327 U.S. 742, 751, 66 S. Ct. 835, 839, 90 L. Ed. 982 (1946); Herrmann, Thermtron Revisited: When and How Federal Trial Court Remand Orders are Reviewable, 19 Ariz.St.L.J. 395, 413 (1987).

**Remand denied**
American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702 (1951); and cases cited in Treatise § 3740 n. 96–98.

Denial of remand is not an order from which an immediate appeal will lie, Neal v. Brown, 980 F.2d 747 (D.C. Cir. 1992), cert. denied, 507 U.S. 1051, 113 S. Ct. 1945, 123 L. Ed. 2d 650 (1993), although on occasion an interlocutory appeal has been allowed under 28 U.S.C.A. § 1292(b). E.g., Dodd v. Fawcett Publications, Inc., 329 F.2d 82 (10th Cir. 1964); and cases cited in Treatise § 3740 n. 99.

**Outside statutory ban**
Aetna Cas. & Sur. Co. v. Flowers, 330 U.S. 464, 67 S. Ct. 798, 91 L. Ed. 1024 (1947); Gay v. Ruff, 292 U.S. 25, 54 S. Ct. 608, 78 L. Ed. 1099 (1934).

**Exceptions expanded**
Comment, Removal Waiver, and the Myth of Unreviewable Remand in the Fifth Circuit, 45 Baylor L.Rev. 723 (1993).

But in Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723, 724, 97 S. Ct. 1439, 1440, 52 L. Ed. 2d 1 (1977), the Supreme Court stressed that Thermtron "did not question but re–emphasized the rule that § 1447(c) remands are not reviewable".

**Thermtron case**
423 U.S. 336, 96 S. Ct. 584, 46 L. Ed. 2d 542 (1976).

See Steinman, note l8 above, at 991–1010; Herrmann, note 28 above; Myers, Federal Appellate Review of Remand Orders: Expansion or Eradication?, 48 Miss.L.J. 741 (1977); Treatise § 3914.11.

The Thermtron exception was held inapplicable in Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723, 97 S. Ct. 1439, 52 L. Ed. 2d 1 (1977).

**Mandamus**
See In re Surinam Airways Holding Co., 974 F.2d 1255 (11th Cir. 1992) (district court exercised discretion to remand claims within its supplemental jurisdiction); Hays County Guardian v. Supple, 969 F.2d 111 (5th Cir. 1992) (after dismissing federal claim, district court exercised discretion to remand rather than dismiss pendent state claims); J.O. v. Alton Community Unit School Dist. 11, 909 F.2d 267 (7th Cir. 1990); Bloom v. Barry, 755 F.2d 356 (3d Cir. 1985) (mandamus will lie when "remand" was "not a remand at all, but a transfer to a court which is a stranger to the case").

**Quackenbush case**

Case: 4:24-cv-00987-SRW    Doc. #: 74-1    Filed: 02/11/26    Page: 8 of 9 PageID #: 1192

517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996).

**Final judgment**

The Quackenbush Court, while broadening the scope of remand orders not covered by § 1447(d), disavowed the language in Thermtron suggesting that a remand order is not a final judgment and only mandamus could provide a means of review. 517 U.S. at 710–714, 116 S. Ct. at 1718–1720. Instead, it held that since a remand order terminates all proceedings in the district court it is final and may be appealed as a final judgment under 28 U.S.C.A. § 1291.

**Carlsbad case**

129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009).

**Review party dismissal**

City of Waco, Tex. v. U.S. Fidelity & Guaranty Co., 293 U.S. 140, 55 S. Ct. 6, 79 L. Ed. 244 (1934); Gallea v. U.S., 779 F.2d 1403 (9th Cir. 1986). See Treatise § 3914.11, pp. 710–715.

**Substantive question reviewable**

Bennett v. Liberty Nat. Fire Ins. Co., 968 F.2d 969 (9th Cir. 1992) (claims held not arbitrable); In re TMI Litigation Cases Consol. II, 940 F.2d 832, 840–842 (3d Cir. 1991) (constitutionality of statute providing for removal); Milk "N' More, Inc. v. Beavert, 963 F.2d 1342 (10th Cir. 1992); Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273 (9th Cir. 1984) (same).

**Powerex case**

551 U.S. 224, 127 S. Ct. 2411, 168 L. Ed. 2d 112 (2007).

**Inexpediency**

Limbach Co. v. Renaissance Center Partnership, 457 F. Supp. 347, 349 (W.D. Pa. 1978); and cases cited in Treatise § 3739 n. 40.

**Contrary argument**

See Boatmen's Bank of St. Louis v. Fritzlen, 135 F. 650, 653–655 (C.C.A. 8th Cir. 1905), cert. denied, 198 U.S. 586, 25 S. Ct. 803, 49 L. Ed. 1174 (1905); Vann v. Jackson, 165 F. Supp. 377 (E.D. N.C. 1958). There is a thoughtful discussion of the question, with the matter left open, in State of Minn. v. Chicago & N. W. Ry. Co., 174 F. Supp. 267 (D. Minn. 1958).

**Judge Hutcheson**

Pabst v. Roxana Petroleum Co., 30 F.2d 953, 954 (S.D. Tex. 1929).

**Ends jurisdiction**

U.S. v. Rice, 327 U.S. 742, 66 S. Ct. 835, 90 L. Ed. 982 (1946); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217 (3d Cir. 1995); New Orleans Public Service, Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir. 1986).

But if a case was remanded because it was not then removable, it may be removed later if subsequent events make it removable. Kulbeth v. Woolnought, 324 F. Supp. 908 (S.D. Tex. 1971). See also Dodd v. Fawcett Publications, Inc., 329 F.2d 82 (10th Cir. 1964).

**No power to vacate**

Hunt v. Acromed Corp., 961 F.2d 1079 (3d Cir. 1992); Browning v. Navarro, 743 F.2d 1069 (5th Cir. 1984); and cases cited in Treatise § 3739 nn. 102, 103. See Furlow & Kelly, Removal and Remand: When Does a Federal District Court Lose Jurisdiction over a Case Remanded to State Court?, 41 Sw.L.J. 999 (1987).

But if there is a right to appeal a remand order, as in civil–rights cases, see note 26 above, a judge of the appeals court may stay the remand order after it has become effective in order to permit review. Board of Ed. of City of New York v. City–Wide Committee for Integration of Schools, 342 F.2d 284, 285–286 (2d Cir. 1965).

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.